**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| 31 Hopkins Plaza #1432 | ) | |
| Baltimore, MD 21201 | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: —————— 21-cv-00652-GLR** |
| | ) | |
| **v.** | ) | |
| | ) | **AMENDED COMPLAINT and** |
| **KOERNER MANAGEMENT** | ) | **JURY TRIAL DEMAND** |
| **GROUP, INC.** | ) | |
| **d/b/a IHOP** | ) | |
| 37576 Chartwell Lane | ) | |
| Purcellville, VA 20132 | ) | |
| | ) | |
| **Defendant.** | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Charging Party Sarah Perez ("Perez"), Brenna McCauley ("McCauley"), and a class of similarly aggrieved female employees who were affected by such practices. As alleged with greater particularity below, Defendant Koerner Management Group, Inc., d/b/a IHOP ("Defendant" or "KMG") subjected Perez, McCauley and other current and former female employees to discrimination and harassment because of their sex in violation of Title VII.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights

Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the U.S. District Court for the District of Maryland, Northern Division.

**PARTIES**

3.      Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times Defendant is Koerner Management Group, Inc., a. ("KMG"), and includes the entities with which KMG constitutes an integrated or single employer under Title VII.

5.      Upon information and belief, Milton Koerner is the sole shareholder and owner of KMG.

6.      Milton Koerner is KMG's sole Director and sole Officer, serving as KMG's President.

7.      Upon information and belief, Milton Koerner is the sole shareholder and owner of the following entities: 496, Inc.; 580, Inc.; 2010, Inc.; Ashburn Pancakes, Inc.; Westminster Pancakes, Inc.; Winchester Pancakes, Inc.; Frederick Pancakes, Inc.; Mt. Airy Pancakes, Inc.; Bel Air Pancakes, Inc.; Lansdowne Pancakes, Inc.; Owings Mills Pancakes, Inc.; Eldersburg Pancakes, Inc.; and Dulles Pancakes, Inc (hereinafter collectively "related entity/ies").

8.      Milton Koerner is the sole Director and the sole Officer of each related entity, serving as President of each entity.

9.      Upon information and belief, each of the related entities owns an IHOP restaurant

franchise in either Maryland or Virginia ~~Corporation,~~.

10.    KMG operates the IHOP restaurants owned by the related entities.

11.    KMG selects, employs and supervises the General Manager assigned to each related entity's restaurant location.

12.    All of these General Managers report to Michael Koerner, KMG District Manager.

13.    KMG's General Manager at each related entity's restaurant location is responsible for the daily operations of the restaurant.

14.    KMG's General Manager at each related entity's restaurant location is a supervisor to the other persons employed at the location and takes tangible employment actions concerning such employees, including but not limited to hiring, firing, promoting, disciplining, scheduling, setting compensation, assigning work duties, and determining other significant terms and conditions of employment.

15.    Upon information and belief KMG performs labor relations and human resources functions for persons employed at each related entity's restaurant location, including processing payroll, developing and administering employment policies, responding to employee complaints, and participating as the employer in administrative proceedings.

16.    At all relevant times KMG and the related entities were/are an integrated or single employer under Title VII.

17.    At all relevant times KMG has continuously been the Title VII employer of all persons employed at each related entity's restaurant location, either directly or as an integrated or single employer with the related entities.

~~4.~~18.    At all relevant times Defendant has continuously been doing business in, *inter alia*, Frederick County, Maryland.

3

~~5.~~19.   At all relevant times, Defendant has continuously had at least fifteen (15) employees.

~~6.~~20.   Defendant employed more than five hundred (500) employees in each of 20 or more calendar weeks in calendar years 2016 through the present.

~~7.~~21.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

~~8.~~22.   More than thirty (30) days prior to the institution of this lawsuit, Sarah Perez filed a Charge of Discrimination ("Charge") with the EEOC alleging violations of Title VII by Defendant.

~~9.~~23.   Defendant received a copy of the Charge and participated in EEOC's investigation, including by communicating with EEOC enforcement staff and responding to requests from EEOC for a position statement, information, and documents.

~~10.~~24.  On August 26, 2020, EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII with regard to Perez and a class of female employees.

~~11.~~25.  EEOC's Letter of Determination invited Defendant to join with EEOC in informal methods of conciliation to endeavor to eliminate the discrimination found to have occurred and provide appropriate relief.

~~12.~~26.  EEOC engaged in communications with Defendant to provide it an opportunity to remedy the discriminatory practices described in the Letter of Determination on terms acceptable to the EEOC.

13.27.  EEOC was unable to secure an acceptable conciliation agreement from Defendant, and on September 18, 2020, EEOC issued to Defendant a Notice of Failure of Conciliation.

14.28.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15.29.  At all relevant times, Defendant has owned and operated twelve (12) IHOP restaurant franchises in Maryland and Virginia, includingIHOP #2010, an IHOP #2010franchise owned by related entity 2010, Inc. and located at 5277 Buckeystown Pike in Frederick, Maryland ("IHOP #2010").

16.30.  Max Trinidad ("Trinidad"), who is male, has worked for Defendant since at least 2010.

17.31.  At all relevant times Trinidad was and continues to be the General Manager at IHOP #2010.

18.32.  General Manager is the highest-level onsite management position at IHOP #2010.

19.33.  As General Manager, Trinidad is a supervisor to employees at IHOP #2010 and is empowered by Defendant to take tangible employment actions concerning such employees, including but not limited to hiring, firing, promoting, disciplining, scheduling, setting compensation, assigning work duties, and determining other significant terms and conditions of employment.

20.34.  At all relevant times, Michael Koerner, son of KMG founder and President Milton Koerner, was and continues to be the District Manager overseeing operations at all Defendant's locations, including IHOP #2010.

21.35.  As District Manager, Michael Koerner supervises and possesses authority to take tangible employment actions concerning all of Defendant's employees, including General

5

Managers.

22.36.  At all relevant times, Defendant never established, disseminated, or administered effective policies prohibiting sexual harassment or discrimination.

23.37.  At all relevant times, Defendant never established, disseminated, or administered a process for reporting sexual harassment or discrimination.

24.38.  At all relevant times, Defendant never trained employees on prohibitions against sexual harassment or on procedures for reporting and correcting sexual harassment.

**Sarah Perez**

25.39.  In or about December 2016 Defendant, through Trinidad, hired Sarah Perez as a hostess at IHOP #2010 and shortly thereafter promoted her to server.

26.40.  Perez, a female, was seventeen (17) years old when Defendant hired her.

27.41.  Defendant never provided Perez with an anti-harassment policy or training, or with procedures for complaining about harassment.

28.42.  At all relevant times, Trinidad was Perez's supervisor and had authority to take tangible employment actions concerning Perez, including hiring, firing, promoting, disciplining, scheduling, setting compensation, and assigning work duties.

29.43.  Beginning shortly after Perez's hire, and continuing throughout her employment, Defendant subjected Perez to unwelcome and offensive harassment because of her sex, including but not limited to the following:

    a.    Trinidad made vulgar sexual comments about Perez's appearance, attire and body, including telling her that she was "sexy" and had a "nice ass."

    b.    Trinidad touched Perez's back, waist and shoulders, and brushed up against her.

c.      On one occasion Trinidad made crude comments about, and pressed Perez with questions concerning, her relationships and sexual activity.  He further told her that he "heard she had nice titties," thereby also intimating that he was receiving salacious gossip about her.

d.      On another occasion Trinidad asked Perez to come to his office and show him her breasts.  Perez refused.

e.      On another occasion Perez asked Trinidad about her schedule and a requested Saturday off to attend her sister's graduation, which Perez had submitted well in advance and consistent with Defendant's requirements for such requests.

f.      In response, Trinidad made sexual comments about Perez's appearance and outfit, told her that if she really wanted that day off she would need to do something for him, and that he would grant Perez's request only if she had sex with him and continue to deny the request if she did not.  Perez refused.

g.      On or about the next day, Perez notified Trinidad that she would not be returning to work.

h.      Perez was compelled to leave her employment at IHOP #2010 because her working conditions were rendered intolerable by Trinidad's conduct, including ongoing verbal and physical harassment, conditioning of employment actions on responses to his harassment and requests for sexual favors, and exercising official authority and undertaking official acts to deny Perez's leave request because she refused his sexual advances.

i.      Because Defendant did not have a sexual-harassment complaint process, Perez was forced to complain about Trinidad's sexual harassment to IHOP's corporate office using a general customer-service number she found online.

j.      In or around May 2017, IHOP's corporate office referred Perez's complaint

7

to Defendant.

> k.    Defendant failed to conduct a prompt and effective investigation into Perez's complaint.

> l.    Defendant never took corrective action against Trinidad for his sexual harassment, including in response to Perez's complaint.

### Brenna McCauley

30.44.  In or about April 2017 Defendant, through Trinidad, hired Brenna McCauley as a server at IHOP #2010.

31.45.  McCauley, a female, was seventeen (17) years old when Defendant hired her.

32.46.  Defendant never provided McCauley with an anti-harassment policy or training, or with procedures for complaining about harassment.

33.47.  At all relevant times, Trinidad was McCauley's supervisor and had authority to take tangible employment actions concerning McCauley, including hiring, firing, promoting, disciplining, scheduling, setting compensation, and assigning work duties.

34.48. Beginning shortly after McCauley's hire, and continuing throughout her employment, Defendant subjected McCauley to unwelcome and offensive harassment because of her sex, including but not limited to the following:

> a.    Trinidad made vulgar sexual comments about McCauley's appearance, attire, and body, made sexually demeaning comments when she bent over, brushed up against her, and put his hands on her body.

> b.    Trinidad referred to McCauley using denigrating sexual epithets, including "whore" and "slut." He made these comments directly to her and about her in front of other employees.

8

c.      Trinidad pressed McCauley with questions concerning her relationships and sexual activity and speculated about her sexual preferences and proclivities.

d.      Trinidad asked McCauley questions about her breasts and asked to see them.

e.      On one occasion, in his office, Trinidad directed McCauley to a corner he indicated was a security-camera blind spot and attempted to unbutton McCauley's shirt and expose her breasts – only stopping when McCauley threatened to scream.

f.      Shortly after the episode described in subparagraph e, McCauley was reassigned from predominately morning shifts to predominately evening and overnight shifts. McCauley did not request this undesirable change, as evening and overnight shifts were burdensome, inconvenient and less lucrative.

g.      As a result of the change to her schedule, McCauley predictably experienced a loss in tipped compensation.

h.      In or about September 2017, McCauley briefly left her employment at IHOP #2010 but returned when she couldn't obtain a job with comparable pay.

i.      When McCauley returned to IHOP #2010, Trinidad's harassment of her escalated.

j.      Upon her return, McCauley was again scheduled for evening and overnight shifts.

k.      When McCauley asked Trinidad to be returned to the more desirable morning shifts Trinidad asked what McCauley was prepared to do for him and told McCauley he would return her to mornings if she had sex with him - and would keep her on later shifts if she refused.  McCauley refused, and Trinidad kept her on evening and overnight shifts.

l.      After working predominately evening and overnight shifts for some time, McCauley again asked Trinidad for reassignment to morning shifts.  Trinidad again told McCauley he would return her to morning shifts only if she had sex with him.  When McCauley refused, Trinidad said he had to keep her "on punishment" by keeping her on evening and overnight shifts.

m.      On an occasion in Trinidad's office, Trinidad backed McCauley into the security-camera blind spot, groped McCauley, told her he wanted her to feel his penis, grabbed her hand and placed it on his crotch, and exposed his penis to McCauley.  McCauley tried to push away Trinidad's hands, which were holding his pants down to expose himself, and verbally protested.  Trinidad pulled his pants up and McCauley immediately left the restaurant.

n.      Trinidad spoke to McCauley in graphic detail about his sexual activity with other women, including detailed descriptions of his encounters, often in the restaurant office, with other IHOP #2010 employees.

o.      Trinidad showed McCauley a video of two women, one believed to be an IHOP #2010 employee, performing fellatio on Trinidad in the restaurant office.

p.      Trinidad condoned and failed to prevent or correct harassing conduct by customers against McCauley.

q.      McCauley notified an Assistant Manager at IHOP #2010 of Trinidad's harassment and conduct, but no corrective action was taken.

r.      Trinidad told McCauley he was aware that Perez had made complaints of sex harassment against him and directed McCauley that, if she were interviewed, she was to deny experiencing or having knowledge of the harassing conduct at IHOP #2010.

s.      McCauley was never interviewed as part of any purported investigation of Perez's complaint and was aware of no corrective action taken towards Trinidad.

10

t.      McCauley was compelled to leave her employment at IHOP #2010 because her working conditions were rendered intolerable by Trinidad's conduct, including ongoing verbal and physical harassment, conditioning of employment actions on responses to his harassment and requests for sexual favors, and exercising official authority and undertaking official acts to assign and maintain McCauley on undesirable shifts because she refused his sexual advances.

### Other Female Employees

35.49.  Trinidad subjected other current and former female employees at IHOP #2010 to unwelcome sex harassment, including:

a.      Severe or pervasive harassment through repeated lewd sexual comments and propositioning, comments about employees' appearance, bodies, and attire, referring to employees with sexually demeaning and sexually charged epithets, touching and groping, graphic questioning about or discussion of sexual activity and personal relationships, and similar conduct; and

b.      Making submission to his conduct and sexual advancements an express or implied condition for receiving a job benefit or avoiding a job detriment.

36.50.  It was well-known by and among Defendant's employees, including by Perez, McCauley, and other employees, that Trinidad harassed female employees,  solicited and engaged in sex acts with female subordinates, and punished employees who rejected his advances while providing preferential treatment to those who submitted to his advances.  The punishment or preferential treatment involved such matters as compensation, scheduling, shifts, table assignments and work duties, enforcement of rules and imposition of discipline, termination/constructive discharge, and other employment actions.

37.51.  Defendant was or should have been aware of Trinidad's longstanding sexual

harassment of female employees.

38.52.  Defendant failed to prevent, address or correct Trinidad's harassing conduct.

**COUNT I: Hostile Work Environment Because of Sex**

39.53.  EEOC hereby repeats and incorporates by reference the allegations set forth in Paragraphs 15 through 38.

40.54.  Since at least August 30, 2016 and on a continuing basis thereafter, Defendant engaged in unlawful employment practices on the basis of sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Perez, McCauley, and a class of similarly situated current and former employees of IHOP #2010 (collectively herein "aggrieved employees") to sexual harassment that created a hostile work environment.

41.55.  The discriminatory practices described above were and are based on sex (female), unwelcome, and sufficiently severe or pervasive - both objectively and subjectively – to establish a hostile and offensive working environment and interfere with and alter the terms and conditions of employment of the aggrieved employees.

42.56.  Defendant is liable for the harassing conduct of its supervisor, Max Trinidad.

43.57.  The effect of the practices complained of above has been to deprive the aggrieved employees of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex.

44.58.  The unlawful employment practices described above were and are intentional.

45.59.  The unlawful employment practices described above were and are done with malice or reckless indifference to the federally protected rights of the aggrieved employees.

**COUNT II: Sex Harassment Resulting in Tangible Employment Action**

46.60.  EEOC hereby repeats and incorporates by reference the allegations set forth in

Paragraphs 15 through 38.

47.61.  Since at least August 30, 2016 and on a continuing basis thereafter, Defendant engaged in unlawful employment practices on the basis of sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Perez, McCauley, and a class of similarly situated current and former employees of IHOP #2010 (collectively herein "aggrieved employees") to harassment based on sex (female) that conditioned employment actions on responses to Trinidad's harassing conduct and/or resulted in tangible employment actions, including with regard to compensation, scheduling, job duties and assignments, discipline, discharge, and other employment actions.

48.62.  Defendant is liable for the harassing conduct of its supervisor, Max Trinidad.

49.63.  The effect of the practices complained of above has been to deprive the aggrieved employees of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex.

50.64.  The unlawful employment practices described above were and are intentional.

51.65.  The unlawful employment practices described above were and are done with malice or reckless indifference to the federally protected rights of the aggrieved employees.

### COUNT III: Constructive Discharge

52.66.  EEOC repeats and incorporates by reference the allegations set forth in Paragraphs 15 through 29.

53.67.  Since at least August 30, 2016 and on a continuing basis thereafter, Defendant engaged in unlawful employment practices on the basis of sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Perez to harassment based on sex (female), including harassment tied to official acts, and otherwise creating and permitting working

conditions so intolerable as to prevent the aggrieved employees' or any reasonable employee's continuing employment.

54.68.  Defendant is liable for the harassing conduct of its supervisor, Max Trinidad.

55.69.  The effect of the practices complained of above has been to deprive the aggrieved employees of equal employment opportunities and to otherwise adversely affect their status as employees because of sex.

56.70.  The unlawful employment practices described above were and are intentional.

57.71.  The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of the aggrieved employees.

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its owners, members, officers, agents, servants, employees, assigns, successors, and all persons in active concert or participation with Defendant, from engaging in, or failing to take prompt, corrective action in response to, sex-based harassment and other employment practices that discriminate based on sex;

B.    Order Defendant to take such employment actions and institute and carry out such policies, practices, and programs necessary to provide equal employment opportunities, ensure Defendant's operations are free from sex-based harassment and discrimination, and eradicate and remedy the effects of Defendant's past and present unlawful employment practices;

C.    Order Defendant to make whole Perez, McCauley, and a class of similarly aggrieved current and former female employees by providing compensation for past and future pecuniary losses, including backpay with prejudgment interest, resulting from the unlawful employment practices described above, in amounts to be determined at trial;

D.      Order Defendant to make whole Perez, McCauley and a class of similarly aggrieved current and former female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, embarrassment, degradation, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.      Order Defendant to pay Perez, McCauley and a class of similarly aggrieved current and former female employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

F.      Grant such further relief as the Court deems necessary and proper in the public interest; and

G.      Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Amended Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney, U.S. EEOC
GH Fallon Federal Bldg
31 Hopkins Plaza, Ste. 1432

Baltimore, MD 21201
Phone: (410) 801-6691
Fax: (410) 209-2221
debra.lawrence@eeoc.gov
Dist. Md. Bar No. 04312

/s/ Maria Luisa Morocco (w/permission)
MARIA LUISA MOROCCO
Supervisory Trial Attorney, U.S. EEOC
Washington Field Office
131 M St., NE, 4th Floor
Washington, DC 20507
Phone: (202) 419-0724
Fax: (202) 419-0740
maria.morocco@eeoc.gov
Va. Bar No. 94043

/s/ Thomas D. Rethage (w/permission)
THOMAS D. RETHAGE
Trial Attorney, U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107-3127
Phone: (267) 589-9756
thomas.rethage@eeoc.gov
Pa. Bar No. 203524