UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

September 17, 2021

MEMORANDUM TO COUNSEL RE:   U.S. Equal Employment Opportunity Commission v. Koerner Management Group, Inc., d/b/a IHOP
Civil Action No. GLR-21-652

Dear Counsel:

Pending before the Court is Plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC") Motion for Leave to File First Amended Complaint (ECF No. 19).[1] The unopposed Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons outlined below, the Court will grant the Motion.

A party may amend its complaint once as a matter of course within twenty-one days of serving it or within twenty-one days after the defendant files a motion to dismiss. Fed.R.Civ.P. 15(a)(1). For all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). When seeking leave to amend from this Court, a party must submit a copy of the proposed amended complaint as well as a red-lined comparison to the initial complaint. See Local Rule 103.6(a), (c) (D.Md. 2018). In general, a "court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Importantly, though, justice does not require permitting leave to amend when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. See Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)).

Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)); see also TFFI Corp. v. Williams, No. DKC-13-1809, 2015 WL 5008708, at *2 (D.Md. Aug. 20, 2015) ("Although the viability of Plaintiff's claims will be tested by the anticipated dispositive motions, Plaintiff's motion for leave to amend alleges enough plausible facts against the remaining defendants to not be futile."). Here, EEOC seeks leave to

---

[1] Also pending before the Court is EEOC's Motion to Compel Discovery Responses from Defendant. (ECF No. 20). Plaintiff has voluntarily withdrawn the Motion following Defendant's responses to its discovery requests. (See ECF No. 22). Accordingly, the Court will deny the Motion to Compel without prejudice.

amend so that it can assert additional allegations concerning: 1) Defendant Koerner Management Group, Inc.'s ("KMG") status as the employer of the aggrieved individuals subjected to the alleged harassment; and 2) the total number of persons employed by KMG for purposes of determining the applicable compensatory and punitive damages cap under 42 U.S.C. § 1981(a). (Mot. Leave File First Am. Compl. at 1, ECF No. 19). While KMG may challenge the novel allegations contained in the Amended Complaint, the Court cannot say at this time that the proposed amendment is clearly insufficient or frivolous on its face.

In determining whether an amendment is prejudicial, the Court considers the nature of the amendment and its timing. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). The further a case has progressed, the more likely it is that amendment will be prejudicial. Mayfield, 674 F.3d at 379 (citation omitted). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" Laber, 438 F.3d at 427 (quoting Johnson, 785 F.2d at 510).

By contrast, an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." Id. (citing Davis, 615 F.2d at 613); see also Kalos v. Law Offices of Eugene A. Seidel, P.A., No. JCC-09-833, 2009 WL 4683551, at *3 (E.D.Va. Dec. 3, 2009) ("Because the trial date is not yet set and no discovery has been taken, the Court finds that allowing leave to amend the Amended Complaint would not be unduly prejudicial to Defendants."). Additionally, an amendment is not prejudicial if the plaintiff does not add new claims or parties. See Heavener v. Quicken Loans, Inc., No. 3:12-CV-68, 2013 WL 1314563, at *3 (N.D.W.Va. Mar. 26, 2013) ("Defendants will not be prejudiced by the amendments as Plaintiff has only added more facts to support his claim—he has not alleged new claims or added new parties."). Here, months of discovery remain, EEOC timely moved to amend, and EEOC has added no new parties or novel claims. Accordingly, the Court finds that granting EEOC leave to amend its Complaint will not prejudice KMG.

KMG has not opposed the Motion, nor does the Court have any other reason to believe EEOC's Motion is made in bad faith. Accordingly, the Court will not deny EEOC leave to amend on the basis that it acted in bad faith.

For all these reasons, it is hereby ORDERED that EEOC's Motion for Leave to File First Amended Complaint (ECF No. 19) is GRANTED leave to file Amended Complaint (ECF No. 23). The Clerk is directed to DOCKET EEOC's First Amended Complaint (ECF No. 19-2) as if filed today. KMG is directed to FILE a response to the First Amended Complaint within fourteen days of the date of this Order. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

        Very truly yours,

        /s/
        George L. Russell, III
        United States District Judge