# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION**, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:21-cv-00652GLR |
| | ) | |
| v. | ) | |

**KOERNER MANAGEMENT GROUP, INC.**
d/b/a IHOP

Defendant.

## <u>CONSENT DECREE</u>

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against Defendant Koerner Management Group, Inc. d/b/a IHOP ("Defendant"), alleging that Defendant violated Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by discriminating against Charging Party Sarah Perez ("Perez"), claimant Brenna McCauley ("McCauley"), and a class of similarly situated females on the basis of sex.  The Commission alleges that Defendant subjected the aggrieved individuals to unwelcome sex-based harassment, including by creating a hostile work environment that culminated in tangible employment actions. Defendant denies these allegations.

The Commission and Defendant (collectively "the Parties") desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in this Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of Title VII. This Decree does not constitute an adjudication on the merits of the Commission's claims, and it shall not be construed as either an admission of liability by Defendant or a waiver by the Commission of any contentions of discrimination.

The Parties stipulate that this Court has jurisdiction over the Parties, the subject matter of the action, and enforcement of the Decree.  The Parties further stipulate that this Court has the authority to enter and to enforce the Decree and that the Decree is final and binding upon the Commission and upon Defendant and its agents, officers, employees, successors, and assigns. The terms of the Decree are the product of joint negotiation and are not to be construed as having been authored by one party.   Defendant agrees and stipulates that the Commission has named  all necessary parties in this action and that Defendant has the authority and capacity to provide in full the monetary, injunctive and other equitable relief required by the Decree. Defendant agrees and stipulates that all monetary relief to be provided in accordance with the Decree is a debt owing to and collectible by the United States.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

## **GENERAL PROVISIONS**

1.     This Decree shall remain in effect for four (4) years from the date it is entered by the Court.

2.     The provisions of this Decree shall apply to Defendant's corporate office and each of Defendant's locations, including each IHOP restaurant location currently owned, operated or managed by Defendant[1] or which Defendant comes to own, operate or manage during the term of

---

[1] The locations currently owned, operated or managed by Defendant include those at: 980 Edwards Ferry Rd., NE Leesburg, VA 20176; 46931 Cedar Lake Plaza, Sterling, VA, 20164;  5277 Buckeystown Pike, Frederick, MD 21704; 44030 Pipeline Plaza, Ashburn, VA 20147; 490 Meadowcreek Dr., Westminster, MD 21158; 180 Crock Wells Mill Dr., Winchester, VA 22603; 2424 Osprey Way, Frederick, MD 21701; 1001 Twin Arch Rd., Mt. Airy, MD 21771; 593 Baltimore Pike, Bel Air, MD 21014; 3531 Washington Blvd., Halethorpe, MD 21227; 10917 Blvd.

this Decree, hereinafter referred to collectively as "Defendant's locations".

3.      All time periods specified in this Decree shall be computed in accordance with Fed. R. Civ. P. 6(a)(1).

4.      If one or more provisions of this Decree are adjudicated to be unlawful or unenforceable, the Parties shall engage in reasonable efforts to amend the Decree in order to preserve or effectuate, in a lawful manner, the purpose or intent of the conflicting provision.  In any event, all other provisions of the Decree shall remain in full force and effect.

5.      The Parties shall each bear their own attorneys' fees and costs incurred in connection with the action.

6.      During the term of this Decree, Defendant shall provide written notice, prior to any sale, merger, or transfer of assets, to the purchaser or transferee, and to any other potential successor, of the existence of and allegations in this action and of the contents of the Decree, along with a copy of the Amended Complaint and the Consent Decree.

7.      When this Decree requires the submission of records, notices, reports or other documents or information to one or both Parties, such submission shall be deemed served on the date it is actually received.  Unless otherwise specified by the receiving Party, service of documents and information shall be by certified or electronic mail:

        a.   If to the Commission: Thomas D. Rethage, EEOC Senior Trial Attorney, 801 Market St., Suite 1000, Philadelphia, PA 19107, thomas.rethage@eeoc.gov - or such other person as EEOC shall designate.

---

Cir. Suite 110 Owings Mills, MD 21117; 1316 Londontown Blvd., Eldersburg, MD 21784; 24290 Liberty Harvest Ct, Sterling, VA 20166.

    b. If to Defendant: Milton Koerner, President, Koerner Management Group, P.O. Box 360, Purcellville, VA 20134, ihop70@kmgihop.com, or such other person as Defendant shall designate.

## CLAIMS RESOLVED

8.     This Decree resolves the claims asserted by the Commission in the Amended Complaint in this action, through the date of entry of the Decree.  Upon approval and entry of the Decree, the Court shall dismiss the action with prejudice while retaining jurisdiction over the Decree to resolve any claims or disputes concerning implementation, enforcement, or amendment of the Decree and to enter any order, judgment or agreement related to the same.

9.     Nothing in this Decree shall affect, limit, or infringe the Commission's authority to file, investigate and process charges of discrimination against Defendant or to commence civil actions against Defendant for claims not resolved by this Decree.

## NON-DISCRIMINATION

10.     Defendant, its officers, agents, servants, employees, successors, and assigns are enjoined from engaging in sex-based harassment in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  As such, Defendant is enjoined from causing or permitting:

    a. The creation of a hostile work environment;

    b. The conditioning of employment actions such as compensation, scheduling, leave, job duties and assignments, discipline, or discharge on an employee's response to harassing conduct or sexual propositions; and

    c. The taking of adverse employment actions based on an employee's response to harassing conduct or sexual propositions.

11.     Defendant, its officers, agents, servants, employees, successors, and assigns are further enjoined from retaliating against any individual for asserting his or her rights under Title VII or otherwise engaging in protected activity, such as by complaining of discrimination or harassment, opposing discrimination, filing a charge, or giving testimony or assistance with an investigation or litigation.

## MONETARY RELIEF

12.     Within thirty (30) days from the date of receipt of the executed specific release attached as Exhibit A, Defendant shall pay Perez the total amount of $50,000. This figure represents claimed damages under 42 U.S.C. § 1981a ("1981a damages") and shall be reported to Perez and the IRS using a Form 1099.  This payment shall not be subject to withholdings or deductions and shall not be treated or processed as payroll or wages.  This payment shall be made by check to Perez via certified delivery to the address provided by the Commission.

13.     Within thirty (30) days from the date of receipt of the executed specific release attached as Exhibit B, Defendant shall pay McCauley the total amount of $75,000. This figure represents claimed damages under 42 U.S.C. § 1981a ("1981a damages") and shall be reported to McCauley and the IRS using a Form 1099.  This payment shall not be subject to withholdings or deductions and shall not be treated or processed as payroll or wages.  This payment shall be made by check to McCauley via certified delivery to the address provided by the Commission.

14.     Within three (3) days of such payments, Defendant shall send a photocopy of each check, along with a photocopy of the certified mail receipts or other documentation of delivery, to the Commission.

## NON-MONETARY RELIEF

15.     Defendant confirms that prior to submission of this Decree it terminated the employment of Max Ramirez Trinidad ("Trinidad").  Defendant shall not rehire, employ, or contract for services with Trinidad at any of Defendant's locations.

## Ombudsman

16.     Within thirty (30) days from the date of entry of the Decree, Defendant shall engage at Defendant's expense a third-party attorney or Human Resources consultant ("Ombudsman") who has expertise in anti-discrimination laws including preventing and addressing sexual harassment. Defendant shall enter into a written agreement with the Ombudsman requiring the Ombudsman to perform the duties set forth in this Decree.  Defendant shall take appropriate steps to ensure that the Ombudsman is performing such duties.   The Ombudsman shall have responsibility for:

Investigations and Recommendations -

   a.   Receiving, notifying Defendant of, and promptly and thoroughly investigating allegations or complaints made to, or referred by Defendant to, the Ombudsman concerning sex discrimination, sexual harassment, and/or retaliation at Defendant's locations;

   b.   Reporting to Defendant and the Commission as to any allegation or complaint of sex discrimination, sexual harassment and/or retaliation investigated by the Ombudsman within five (5) days of completing the investigation of each, to include: name(s) and contact information of the complainant(s); a description of the allegations; the names of any witnesses; the names and job titles of the alleged perpetrators; the dates of the alleged conduct; a detailed description of

the investigation and the findings made; a detailed description of any actions taken as a result of the investigation; and recommendations for corrective action and resolution of such allegations or complaints;

c.   Providing a copy of all documents, records or other materials acquired or generated as part of any Ombudsman investigation to Defendant for proper retention by Defendant of such employment records.  The Ombudsman shall also retain copies of such material for the duration of the Decree plus one year and make them available to the Commission upon request;

Audits and Recommendations-

d.   Conducting an annual audit to assess each of Defendant's locations for compliance with the requirements of this Decree and managerial and staff employees' awareness of applicable sex harassment policies, obligations and/or protections;

e.   Reporting to Defendant and the Commission within twenty-one (21) days of completing the respective audit(s), to include: the store location(s) and date(s) the audit was conducted; the steps taken to conduct and complete the audit; requirements of this Decree assessed and manner of evaluating compliance; the findings of the audit; and recommendations to remedy any non-compliance, to promote or ensure future compliance, and to correct and remedy any harassment found through the audits;

f.   Providing a copy of all documents, records or other materials acquired or generated as part of an audit to Defendant for proper retention by Defendant of such employment records.  The Ombudsman shall also retain copies of such

material for the duration of the Decree plus one year and make them available to the Commission upon request;

General Non-Compliance -

g.   If not already disclosed in the required reports described above, notifying the Commission immediately upon discovering any instance of Defendant's non-compliance with the Decree or interference with the Ombudsman's duties under this Decree, and cooperating and participating in proceedings concerning enforcement of this Decree under Paragraph 41;

17.    If Defendant learns of allegations or complaints of sex discrimination, sexual harassment or retaliation that were not made directly to the Ombudsman, and such allegations or complaints are in writing or concern any managerial or supervisory employee, Defendant shall promptly refer such matter to the Ombudsman for investigation so that he/she may fulfill his/her duties under this Decree.

18.     The Ombudsman is empowered to take all appropriate steps to fulfill his/her duties under this Decree, including: recommending interim measures to Defendant's corporate management to prevent alleged sex discrimination, sexual harassment and/or retaliation from continuing and/or to protect complainants or other persons pending completion of the investigation or recommendation of final corrective measures;  conducting interviews of corporate, managerial or staff employees at Defendant's locations; ensuring interviews, communications or trainings occur in the participant's primary language (including through use of interpreting or translation); taking statements; utilizing confidential or anonymous surveys; and securing and reviewing relevant documents or information from Defendant and its employees, officers, or agents, or otherwise within Defendant's possession, custody or control.  Defendant shall act in good faith to

ensure its own personnel fully cooperate with the Ombudsman in the fulfilment of his/her duties.

19.     Defendant shall implement any interim or final recommendations of the Ombudsman, unless, after conferral with the Ombudsman, Defendant retains a good faith basis for declining to fully implement such recommendations.  Defendant may take remedial or corrective actions that are in addition to those recommended by the Ombudsman.

    a.   Defendant shall provide, within fifteen (15) days of receiving the Ombudsman's report following an investigation or audit, written confirmation to the Commission and Ombudsman of the actions taken to address the Ombudsman's findings and recommendations and/or to ensure compliance with Title VII and this Decree.  If Defendant has declined to implement any part of the Ombudsman's recommendations, this confirmation shall include a full explanation of Defendant's claimed good faith basis for doing so.

20.     Ultimately, any interim or final corrective actions Defendant takes in response to any allegation or complaint of sex discrimination, sexual harassment or retaliation must be consistent with and sufficient to satisfy the requirements of Title VII and this Decree.

21.     In the event the Ombudsman becomes unable to perform his or her duties prior to the expiration of this Decree, he or she will notify Defendant and the Commission in writing. Within fourteen (14) days of the confirmed receipt of this notice, Defendant will select and engage a replacement to serve as the Ombudsman for the remainder of the life of the Decree.   All provisions of this Decree concerning the Ombudsman shall apply to the replacement.

    a.   During such time as an Ombudsman is not in place, Defendant shall temporarily modify its policies and reporting provisions to ensure complaints or allegations of harassment are made to a responsible management official and so notify all

employees.  Upon selection of the successor Ombudsman, all documents and notices shall be modified as appropriate and re-disseminated to employees at all of Defendant's locations.

**Policy**

22.     Within thirty (30) days from the date of entry of the Decree, Defendant shall develop, implement, and distribute to all employees at Defendant's locations a revised sexual harassment policy.  The policy will be available in English and Spanish. The policy must be submitted to the Commission prior to dissemination.  The policy must include, but need not be limited to, the following:

    a.   an unequivocal statement that sex discrimination, sexual harassment and/or retaliation (hereinafter "prohibited conduct") will not be tolerated and that such conduct violates Title VII;

    b.   a definition and examples of prohibited conduct;

    c.   identification of the Ombudsman as a neutral designated to receive and investigate complaints of prohibited conduct and recommend corrective actions;

    d.    an explanation that the Ombudsman will investigate allegations or complaints of prohibited conduct that: 1) are made directly to the Ombudsman; 2) are made to a manager in writing; and/or 3) are made to a manager and concern a managerial or supervisory employee;

    e.   an explanation that a Defendant management official will address all other allegations or complaints of prohibited conduct made to or learned of by Defendant;

f.   the Ombudsman's direct contact information;

g.   a requirement that the complaint procedure will include a prompt, thorough, and impartial investigation by the Ombudsman or a responsible management official;

h.   a statement that the identity of an individual who submits a complaint or a witness who provides information regarding a complaint will be kept confidential to the extent possible;

i.   a requirement that any information gathered as part of an investigation will be kept confidential to the extent possible;

j.   a statement encouraging all employees who have experienced, witnessed, or acquired information about prohibited conduct (as to themselves or another employee) to report the conduct to the Ombudsman;

k.   a statement encouraging any employee with questions about complaints of prohibited conduct or the investigation process to contact the Ombudsman;

l.   a requirement that any manager who receives a written complaint of prohibited conduct or otherwise learns or has reason to believe prohibited conduct involving a managerial or supervisory employee may be occurring has a duty to notify the Ombudsman and refer the matter to him/her for investigation;

m.   a requirement that the Defendant shall take all appropriate steps necessary to prevent any potential or alleged harassment from continuing pending the results of any investigation;

n.   a requirement that Defendant shall take all appropriate steps to ensure that corrective action will be taken when prohibited conduct is found to have

occurred;

o.  a prohibition against retaliation for reporting or opposing harassment or for participating in any investigation of harassment;

p.  a requirement that any employee who violates the sexual harassment policy, including but not limited to by engaging in harassing conduct, failing to report or refer violations if a supervisor or manager, engaging in retaliation, or failing to cooperate with the Ombudsman, will be subject to discipline including termination; and

q.  a requirement that the complaining employee will be provided written confirmation of the disposition of the complaint and any final corrective action taken by Defendant.

23.  Within thirty (30) days from the date of the entry of this Decree, Defendant shall:

a.  post both the revised harassment policy and a harassment complaint poster (both in English and Spanish versions) highlighting the Ombudsman's identity, e-mail address and telephone number in a location that is visually accessible to and commonly frequented by its employees and where other employment information is normally posted.  Defendant shall ensure that a current copy of the policy and poster remain posted for the duration of the Decree.

b.  distribute a copy of the revised policy and harassment complaint poster to each employee in English and Spanish at all of Defendant's locations, with confirmation of receipt by each. Defendant may elect to complete this distribution in conjunction the initial training required in paragraphs 29 and 33.

24.     Within ten (10) days of compliance with the preceding paragraph, Defendant shall provide the Commission with a certification that the revised policy and harassment complaint poster has been posted and distributed as required, with a description of the method and locations of posting and of the method of dissemination to employees and confirmation of receipt.

25.     Defendant shall provide, as part of orientation, a copy of the new harassment policy and harassment complaint poster in English and Spanish to all employees hired at any of Defendant's locations after the entry of this Decree.  The copy shall be for the employee to retain.

26.     Any proposed amendments to Defendant's sexual harassment policy must be provided to the Commission at least thirty (30) days prior to their proposed effective date and must be consistent with this Decree.

27.     Within thirty (30) days from the date of the entry of this Decree Defendant shall conduct a review of its employment policies, manuals, and handbooks to ensure their consistency with and to reflect the requirements of the new sexual harassment policy, and to ensure they do not contain any language that could have a chilling effect on employee harassment complaints. Moreover, Defendant will at minimum revise its Standards of Conduct (employee and manager); Operating Guidelines Manual and Manager Policy Handbook and any other employment document to:

    a.   remove references to "rumors" causing problems or the starting or spreading of "rumors" about a "manager" or co-worker as constituting misconduct; and

    b.   remove references or instructions that "HR situations" should be handled "within the restaurant".

28.     Within ten (10) days of compliance with Paragraph 27, Defendant shall provide the Commission with a certification identifying the policies, manuals, and handbooks reviewed and

the manner and method of review, a description of changes made, and copies of the revised documents.

## Training

## Management

29.     Within sixty (60) days from the date of entry of the Decree, Defendant shall provide no less than two hours of live (either in person or live-streamed), interactive training for all of Defendant's owners, officers, managers, and supervisors, and any employees with responsibilities for human resources administration. The training shall be provided or approved by the Ombudsman. The training will include the following: (1) an explanation of Title VII with an emphasis on sexual harassment; (2) the types of conduct that are not acceptable in the workplace, including conduct that, if left unaddressed, may rise to the level of unlawful harassment; (3) the consequences of engaging in unacceptable conduct in the workplace, including an explanation that corrective action will be proportionate to the severity of the conduct; (4) employees' rights and responsibilities if they experience or witness unacceptable conduct at work, including the ways in which employees can report harassment; (5) an explanation of Defendant's new sexual harassment policy and complaint process and any changes made to documents received or used by management employees (*e.g.,* Standards of Conduct; Operating Guidelines Manual; Manager's Handbook) pursuant to this Decree; (6) a discussion of the role of the Ombudsman as a neutral charged with thoroughly investigating complaints of harassment: a) made to the Ombudsman; b) made in writing; and/or c) involving a supervisory or managerial employee – and that other complaints or allegations of prohibited conduct made to or learned of by Defendant will be addressed by management; (7) employees' obligation to cooperate with the Ombudsman; (8) a description of where in each respective location the current sex harassment policy and complaint

poster are posted and how any employee can request a copy of the sex harassment policy for themselves; (9) an assurance that persons who report harassment or participate in an investigation will not be subjected to retaliation; (10) managers' duty to refer allegations or complaints of prohibited conduct to the Ombudsman when required by Defendant's policy; and (11) management's role in ensuring a workplace free of prohibited conduct, the steps management is expected to take to prevent, stop and remedy prohibited conduct, and distribution and discussion of Defendant's Complaint Handling and Investigations Guide explaining managerial obligations and responsibilities for allegations or complaints of prohibited conduct to be addressed by management consistent with Defendant's policy.

30.     Within ten (10) days of compliance with Paragraph 29, Defendant shall provide certification to the Commission that such training has occurred. This certification shall include the dates, times, and locations of the training, a current list of owners, officers, managers, supervisors, and human resources staff required to attend and documents reflecting or confirming each such person's attendance, and copies of the training content and materials and/or any presentation used during the training sessions.

31.     Defendant shall provide the training described in paragraph 29 to all new owners, officers, managers, supervisors, and human resources staff within twenty-one (21) days of their initial hire, promotion, or transfer into such positions. Such training may be pre-recorded from the initial live training session.

32.     Defendant shall conduct an annual refresher training for all management employees as identified in Paragraph 29. The annual refresher training should be no less than one (1) hour and address the topics discussed in Paragraph 29.  The refresher training may be live, pre-recorded, or part of a web-based training module.

**Non-Management**

33.     Within thirty (30) days after the training provided to management as described above, Defendant shall require all non-management or other employees not covered by Paragraph 29 to watch a recording of the initial training provided pursuant to such paragraph.  The recorded training shall be available in English and Spanish (including through use of Spanish subtitles for videos).

34.     Within ten (10) days of compliance with Paragraph 33, Defendant shall provide certification to the Commission that such training has occurred. This certification shall include the dates, times, and locations of the training, a current list of non-management employees who are required to attend and documents reflecting or confirming each such person's attendance, and copies of the training content and materials and/or any presentation used during the training sessions.

35.     Defendant shall also provide the initial training discussed in paragraph 33 to all new non-management employees within ten (10) days of their hire.

36.     Defendant shall conduct an annual refresher training for all non-management employees as identified in Paragraph 33. The annual refresher training should be no less than one (1) hour and address the topics discussed in Paragraph 29.  The refresher training may be live, pre-recorded, or part of a web-based training module.   The non-management employee refresher training must be in English and Spanish (including through use of Spanish subtitles for videos).

### Notice Posting

37.     Within ten (10) days after entry of the Decree, Defendant shall post, in all places where notices to employees are customarily posted at all Defendant's locations, the Notice attached hereto as Exhibit C, along with a Spanish translation of the Notice.  The posting of the

Notice and Spanish translation must be maintained for the life of the Decree with the date of actual posting shown thereon. Should the Notice or translation become defaced, marred, or otherwise made unreadable, Defendant shall ensure that new, readable copies of the Notice or translation is posted in the same manner as heretofore specified.

38.     Within ten (10) days of compliance with Paragraph 37, Defendant shall provide the Commission with a copy of the signed Notice and translation and a certification that such documents have been posted as required, and a statement of the location(s) and date(s) of posting. Defendant shall provide such certification on an annual basis for the duration of the Decree.

## COMPLIANCE MONITORING

39.     During the term of the Consent Decree, the Commission is authorized to monitor compliance with the Decree, which may occur through inspection of Defendant's premises, attendance or observance of trainings or audits required by the Consent Decree, interviews with Defendant's employees or representatives, production and inspection of Defendant's records, and other sources, including acceptance of information or material provided for under 42 U.S.C. § 2000e-9, concerning the Commission's information.

        a.  Notice for Inspection, Attendance or Interviews – Inspection of premises, attendance at events, or conducting interviews shall require reasonable advance written notice (at least 10 days, absent exigent circumstances) to Defendant of the date, time, and location of the inspection or attendance, and/or of the identities (by name, position, or category) of the employees or representatives to be interviewed.

        b.  Requests for Production of Records or Information – The Commission shall issue requests for records or information in writing and describe the nature and

scope of the documents or information sought. Defendant shall comply with a request for production of records or information within fourteen (14) days.  If Defendant objects to producing all or part of the material requested, it must state in detail the nature of each objection and the specific material being withheld on the basis of such objection.    Defendant's objections must be served on the Commission within seven (7) days of service of the request to which they relate. Objections not timely raised to EEOC are waived.

c.   Disputes concerning compliance monitoring shall be subject to Paragraph 41 concerning enforcement of the Consent Decree.

## DISPUTE RESOLUTION

40.    This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, sanctions, monetary and injunctive relief.

41.    Following written notice by one Party to the other of any alleged violation of this Decree or failure to adequately remedy a violation, the Parties shall confer in an attempt to resolve the dispute.  If the Parties are unable to reach agreement, upon motion this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such compliance action, unless this Court should determine that shifting fees or costs is an appropriate sanction in such proceedings.

## SIGNATURES AND ENTRY

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

**FOR PLAINTIFF**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

   /s/ **Debra M. Lawrence**
DEBRA M. LAWRENCE
Regional Attorney

   /s/ **Maria L Morocco**
MARIA L. MOROCCO
Supervisory Trial Attorney

THOMAS D. RETHAGE
Trial Attorney
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street  Suite 1000
Philadelphia, PA 19107-3127
Phone: (267) 589-9756
thomas.rethage@eeoc.gov

**FOR DEFENDANT**
**KOERNER MANAGEMENT**
**GROUP, INC d/b/a IHOP**

K. NICHOLE NESBITT
Goodell DeVries Leech & Dann, LLP

JESSICA AYD
Goodell DeVries Leech & Dann · LP

**IT IS SO ORDERED:**

Signed and entered this ___21st___ day of ___September___, 2022.

                  /s/
                Hon. George L. Russell III
                United States District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION**, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:21-cv-00652GLR |
| v. | ) | |
| **KOERNER MANAGEMENT GROUP,** | ) | |
| **INC.** | ) | |
| d/b/a IHOP | ) | |
| Defendant. | | |

### SPECIFIC RELEASE OF CLAIMS

I, Sarah R. Perez, in consideration for and effective upon my receipt of the $50,000 payment to me by Koerner Management Group, Inc. in connection with the resolution of *EEOC v. Koerner Management Group, Inc. d/b/a IHOP* (D. Md. 1:21-cv-00652GLR), hereby release and waive my right to recover for any claims of sexual harassment and/or constructive discharge under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against Koerner Management Group, Inc. d/b/a IHOP and its agents, employees, officers, directors, successors and assigns, which arose prior to [Effective Date of Decree] and were included in the claims alleged in EEOC's Amended Complaint in the above referenced action.

_____        _____
Signature                                Date

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION**, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:21-cv-00652GLR |
| v. | ) | |
| **KOERNER MANAGEMENT GROUP,** | ) | |
| **INC.** | ) | |
| d/b/a IHOP | ) | |
| Defendant. | ) | |

## SPECIFIC RELEASE OF CLAIMS

I, Brenna Q. McCauley, in consideration for and effective upon my receipt of the $75,000 payment to me by Koerner Management Group, Inc. in connection with the resolution of *EEOC v. Koerner Management Group, Inc. d/b/a IHOP* (D. Md. 1:21-cv-00652GLR), hereby release and waive my right to recover for any claims of sexual harassment under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against Koerner Management Group, Inc. d/b/a IHOP and its agents, employees, officers, directors, successors and assigns, which arose prior to [Effective Date of Decree] and were included in the claims alleged in EEOC's Amended Complaint in the above referenced action.

_____     _____

Signature                                               Date

# EXHIBIT C

 # U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER
### EEOC v. Koerner Mgmt. Group, Inc. d/b/a IHOP (D. Md. 1:21-cv-00652)

This Notice is being posted as part of the resolution of a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC") against Koerner Management Group d/b/a IHOP ("KMG").  The EEOC alleged that KMG subjected female employees to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). KMG denied the allegations.

Title VII prohibits an employer from harassing or discriminating against any employee because of his or her sex.  This includes creating a sexually hostile work environment or conditioning employment actions (like hiring, scheduling, section assignments, promotion or termination) on an employee's responses to sexually harassing conduct or sexual propositions.

To resolve this lawsuit, KMG and the EEOC have entered into a Consent Decree which provides, among other things, that KMG (1) will not permit the sexual harassment of any employee; (2) will not retaliate against any employee for reporting sex harassment or participating in investigations; (3) will train all employees on the federal laws prohibiting sex-based discrimination and harassment; (4) will distribute to all employees a modified harassment policy; and (5) will engage a neutral, third-party EEO Officer to receive and investigate employee complaints of sex harassment.

To make a complaint regarding sexual harassment, or for information about your rights and protections, contact the EEO Officer:

> **Julie C. Janofsky**
> **Fedder & Janofsky LLC**
> **2850 Quarry Lake Drive, Suite 300**
> **Baltimore, MD 21209**
> **(410) 415-0080**
> **JJanofsky@mdcounsel.com**

If believe you have been sexually harassed you may also file a charge of discrimination with the EEOC.  KMG will not retaliate against any employee for filing a charge.  For more information on filing a charge of discrimination, or locating your nearest EEOC office, visit www.eeoc.gov.

_September 20, 2022_
Date

Milton Koerner – Owner KMG

**THIS OFFICIAL NOTICE MUST REMAIN POSTED FOR 4 YEARS AFTER SEPTEMBER 19, 2022.**